UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GERALD J. CARTER,

    Plaintiff,

v.                                        Case No. 5:16cv299/LC/CJK

CAPTAIN SEWELL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court on defendants' motion to dismiss filed under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (Docs. 35, 39). Plaintiff has not responded to the motion.[1] The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the undersigned concludes that defendants' motion should be granted and this case should be dismissed without prejudice for plaintiff's failure to exhaust administrative remedies.

---

[1] Plaintiff's response deadline expired on February 8, 2018. (Doc. 40).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections (FDC) currently confined at Florida State Prison. Plaintiff is suing two prison officials at Northwest Florida Reception Center (NWFRC) – Captain Sewell and Sergeant Raines – claiming they violated his Eighth Amendment rights when they attacked him while he was sleeping in his cell. (Doc. 21, pp. 2, 5, 7). Specifically, plaintiff alleges that on June 1, 2016, he was asleep under a "suicide blanket" in a medical cell when Sewell, Raines and several other officers entered the cell. Plaintiff woke to a shield "shocking" him and "hovering over [his] upper torsal [sic] of [his] body." (*Id*., p. 5). When plaintiff tried to move the shield, "all the officers drop[ped] on top of" him and a struggle ensued. Plaintiff attempted to get up, but defendant Raines struck him in the jaw with his fist, and defendant Sewell kicked him in the head and forearms to keep him from rising. Plaintiff then "felt someone touch around my butthole trying to penetrate me." (*Id*.). Plaintiff does not identify who that "someone" was. As relief, plaintiff seeks compensatory and punitive damages, and "mental health counseling". (*Id*., p. 7).

Defendants move to dismiss plaintiff's claims under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, on the grounds that: (1) plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a); (2)

plaintiff's claims for compensatory and punitive damages for Raines' and Sewell's alleged conduct are prohibited by 42 U.S.C. § 1997e(e), because plaintiff fails to allege the requisite physical injury; (3) plaintiff's allegations fail to state a facially plausible Eighth Amendment claim against Raines and Sewell concerning another officer's alleged sexual abuse; and (4) any official capacity damages claims are barred by the Eleventh Amendment. (Doc. 35). Because the exhaustion issue is dispositive of the case, this Report and Recommendation addresses only that issue.

## RELEVANT LEGAL STANDARDS

Exhaustion Requirement

Title 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, whether they allege excessive force or some other wrong, and whether they seek injunctive relief, monetary damages, or both. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Exhaustion of available administrative remedies is a mandatory pre-condition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001) ("The 'available' 'remed[y]'

must be 'exhausted' before a complaint under § 1983 may be entertained.") (emphasis added); *see also Porter*, 534 U.S. at 524-25 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

The FDC's grievance procedure requires an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). *See* Fla. Admin. Code rr. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010). Grievances alleging sexual abuse may bypass the informal grievance step and proceed directly to a formal grievance filed at the institutional level. *See* Fla. Admin. Code r. 33-103.006(3)(j). Grievances alleging sexual abuse, however, may bypass

the informal and formal grievance steps and proceed directly to the Office of the Secretary <u>only</u> where the sexual abuse is alleged to have been committed by the warden of the institution where the inmate is currently housed. *See* Fla. Admin. Code r. 33-103.007(6)(a). Unless permitted to file a direct grievance with the Secretary's Office, the inmate is required to proceed through the lower levels of the grievance process before moving to a grievance appeal. *See* Fla. Admin. Code r. 33-103.007(5)(a). The grievance appeal must attach a copy of the formal grievance and response. *Id*.

The Office of the Secretary may return a grievance without a response on the merits where, as relevant here: (1) the grievance addresses more than one issue or complaint; (2) the inmate either did not provide a valid reason for by-passing the previous levels of review as required, or provided a reason that is not acceptable; (3) the inmate wrote his complaint outside the boundaries of the space provided on the grievance form; (4) the inmate used multiple copies of grievance forms rather than attachments as continuation sheets; or (5) the inmate raises allegations and charges in a grievance appeal that were not been raised below at the previous level. *See* Fla. Admin. Code r. 33-103.014(1)(a), (f), (k), (l) and (o). If the Office of the Secretary returns the grievance without action, the inmate may re-file it if the re-filed grievance

would be filed "within the time frames allowable". Fla. Admin. Code r. 33-103.014(2).

Procedure for Ruling on a Motion to Dismiss for Failure to Exhaust Administrative Remedies

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts should follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). The court held that the defense of failure to exhaust should be treated as a matter in abatement. *See id.* at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*quoting Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *See id*. If they conflict, the court accepts the plaintiff's version as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*.; *see also Bryant*, 530 F.3d at 1373-74.

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (*citing Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id*. Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies.

## DISCUSSION

Plaintiff did not respond to defendants' motion to dismiss, and his pleadings do not contain any allegations concerning exhaustion. (*See* Docs. 1, 21). Accordingly, the facts concerning exhaustion are drawn from the allegations of

defendants' motion to dismiss. (Doc. 35). Defendants assert that the only grievances filed during the relevant time period (June 1, 2016, the date of the incident, to October 26, 2016, the date plaintiff initiated this case) and which could be considered as an attempt at exhaustion were three direct grievances plaintiff filed with the Office of the Secretary. (Doc. 35, p. 10). Defendants explain, however, that none of these grievances satisfies the exhaustion requirement, because none was directly about the June 1, 2016, use of force, and all were returned without action for plaintiff's failure to comply with the critical procedural rules governing the grievance process, most significantly, the requirement that plaintiff initiate his grievance at the institutional level. (Doc. 35, p. 10). Plaintiff failed to initiate any grievance concerning the June 1, 2016, incident at the institutional level. (*Id.*).

The exhibits attached to defendant's motion to dismiss confirm these facts. (Doc. 35, Exs. B-F). Plaintiff's sole grievance mentioning a June 1, 2016, use of force incident was a grievance filed with the Office of the Secretary. (Doc. 35, Ex. B). Plaintiff signed the grievance on July 3, 2016, while housed at Santa Rosa CI. (*Id.*). The grievance was receipted by the FDC Inmate Grievance Appeals division on July 6, 2016. (*Id.*). The grievance was three pages long and alleged a wide-ranging conspiracy spanning at least two prisons and involving more than twenty named staff members (and even more staff identified more generally by group

designations such as "classification officers" and "assistant wardens"). Plaintiff alleged that FDC staff were trying to "kill me 'Inmate Gerald J. Carter' physically, but also mentally" by: (1) serving him management meals and sometimes refusing meals; (2) hypnotizing him under the guise of providing mental health treatment; (3) issuing him false disciplinary reports; (4) physically assaulting him; (5) spraying him with chemical agents; (6) threatening him; (7) calling him racial slurs; (8) denying him medication; etc. That grievance appeal, the only grievance mentioning the June 1, 2016, incident, was returned to plaintiff without action, explaining:

> Your request for Administrative Remedy has been filed in noncompliance with Chapter 33-103.006(2)(c), the inmate shall state his grievance in Part A. Only 2 additional pages of narrative will be allowed. If additional space is needed, the inmate shall use only 2 additional attachment pages and not multiple copies of Form DC1-303. If the inmate writes his complaint anywhere other than within the boundaries of Part A or on the 2 allowable attachment pages, his grievance shall be returned for non-compliance.
>
> Please be advised, each of your complaints/issues need to be grieved separately at the appropriate level.
>
> Furthermore, rule requires that allegations of the nature as the one(s) in your appeal be initiated at the institutional level.
>
> Based on the foregoing information, your appeal is returned without action.

(Doc. 35, Ex. B). Plaintiff took no steps to properly grieve the June 1, 2016, incident at the institutional level prior to initiating this lawsuit on October 26, 2016. (Doc.

*Case No. 5:16cv299/LC/CJK*

35, Exs. B-E). The FDC's grievance process required plaintiff to file a formal grievance at the institutional level before seeking relief from the Office of the Secretary.

Defendants' motion to dismiss proves that plaintiff failed to properly exhaust available administrative remedies before filing this lawsuit. Plaintiff's failure to exhaust requires dismissal of this case.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant Raines' motion to dismiss (doc. 35), adopted by defendant Sewell (doc. 39), be GRANTED, and this case be DISMISSED without prejudice for plaintiff's failure to exhaust administrative remedies.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 27th day of February, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.